■ Lee I. Ascherman, M.D., et al., Respondents, v The American Psychoanalytic Association, Inc., Appellant. [985 NYS2d 11]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered August 22, 2013, declaring the standards for the appointment of training analysts promulgated by respondent's executive council contrary to law and null and void, and enjoining respondent from implementing any new standards or certifying any new training analysts by any method other than that approved by respondent's board on professional standards, unless respondent's bylaws are amended expressly to provide otherwise, and dismissing respondent's counterclaims, unanimously affirmed, without costs.

The article 78 court correctly found that the bylaws of respondent not-for-profit corporation assign the duty to set the educational and training standards for psychoanalysts to the board on professional studies, a committee of respondent, to the exclusion of the executive council, respondent's board of directors (*see Matter of LaSonde v Seabrook*, 89 AD3d 132, 137-138 [1st Dept 2011], *lv denied* 18 NY3d 911 [2012]).

We reject respondent's contention that the bylaws' exclusion of the executive council from the process of establishing the standards intrudes upon the power of the board of directors to manage the corporation, in violation of the Not-for-Profit Corporation Law, which provides that any such delegation be

expressed in the certificate of incorporation (*see* N-PCL 701 [a]). Respondent's certificate provides that one of respondent's purposes is to "maintain standards for the training of psychoanalysts," but it is silent on what the standards are, how they are to be established, and by whom. Hence, the bylaws' exclusive delegation to the board on professional standards of the power to set the standards that respondent must maintain does not conflict with a core purpose as articulated in the certificate. The executive council is still free to direct respondent's corporate management (*see Simoni v Civil Serv. Empls. Assn.*, 133 Misc 2d 1, 10-11 [Sup Ct, Albany County 1986] [articulating difference between corporate management vested in board of directors, and internal management, which the bylaws may delegate]).

We note that the bylaws expressly provide that the executive council's authority to manage respondent are limited by the provisions of the bylaws (*see* N-PCL 602 [f]).

We have considered respondent's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Acosta, Saxe, Manzanet-Daniels and Clark, JJ. **[Prior Case History: 2013 NY Slip Op 31922(U).]**